UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS D. MURPHY,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES FOREST SERVICE;<br>THOMAS TIDWELL, in his<br>official capacity as Chief of<br>the United States Forest<br>Service; NANCY J. GIBSON, in<br>her official capacity as<br>Forest Supervisor of the<br>United States Forest<br>Service,<br><br>           Defendant. | 2:13-cv-02315-GEB-AC<br><br>**ORDER DENYING MOTION FOR**<br>**TEMPORARY RESTRAINING ORDER** |

On Thursday, November 14, 2013, at approximately 6:00 p.m., Plaintiff filed a motion for a temporary restraining order ("TRO") to "enjoin the Upper Echo Lake Hazardous Fuels Reduction Project," ("Project") (Pl.'s Notice of Mot. 1:6-7, ECF No. 8), which the Forest Service commenced on September 30, 2013. (Compl. ¶ 27.) Plaintiff asserts it should be scheduled for hearing on Monday, November 18, 2013.

As prescribed in Local Rule 231(b):

> **Timing of Motion.** In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.

1

> Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Here, Plaintiff alleges: "On November 15, 2012, the Forest Service issued a decision memo in which the agency indicated its determination to implement the Upper Echo Lakes project." (Compl. ¶ 26.) Moreover, Plaintiff avers that he wrote "letters to the Forest Service outlining a variety of concerns with the Project on July 22 and August 21, 2013." (Decl. of Dennis D. Murphy, Ph.D 3:7-8, ECF No. 8-2). Plaintiff also alleges, "On September 30, 2013, the Forest Service commenced the Project over [his] objections," suspended the Project "[d]ue to a federal government shutdown," and "resumed [the Project] sometime after the shutdown ended on October 16, 2013, but before October 22, 2013." (Compl. ¶ 27.)

Plaintiff provides no explanation concerning why he waited over one month after work on the project commenced to file his motion for a TRO, which he expects to be scheduled for hearing in virtually one business day. Since Plaintiff has not provided sufficient explanation concerning why he "could [not] have sought relief by motion for preliminary injunction at an earlier [or future] date without the necessity for seeking last-minute relief by motion for temporary restraining order," Local R. 231(b), the TRO is denied on "procedural grounds alone," and it is "unnecessary to address the substantive issues" of Plaintiff's motion at this time. <u>Jameson Beach Prop. Owners' Ass'n v. United States</u>, 2:13-CV-01025-MCE-AC, 2013 WL 2297067, at

*4 (E.D. Cal. May 24, 2013).

Dated:   November 15, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge