UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS D. MURPHY, PH.D, | No. 2:13-cv-02315-GEB-AC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' DISMISSAL MOTION** |
| UNITED STATES FOREST SERVICE; THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service; and NANCY J. GIBSON, in her official capacity as Forest Supervisor of the United States Forest Service, | |
| Defendants. | |

Defendants United States Forest Service; Tom Tidwell, who is sued in his official capacity as Chief of the Forest Service; and Nancy Gibson, who is sued in her official capacity as Forest Supervisor (collectively, "the Forest Service") move for dismissal with prejudice of the four remaining claims in Plaintiff's Second Amended Complaint ("SAC"), under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Plaintiff alleges in the SAC that the Forest Service's Upper Echo Lakes Hazardous Fuels Reduction Project (the "Project") violates provisions of the National Environmental Protection Act ("NEPA"). The Forest Service argues: "Plaintiff waived any legal challenge to the [P]roject by failing to comment during the public comment period

---

[1] Plaintiff previously dismissed three claims that were alleged under the federal Endangered Species Act. (Stipulation of Dismissal 2:4-7, ECF No. 37.)

1

[and failing] to exhaust available administrative remedies by not appealing the challenged [Project] decision as required by 7 U.S.C. § 6912(e), [and] 36 C.F.R. part 215. . . ." (Defs.' Not. Mot. 1:22-26, ECF No. 38.) Plaintiff opposes the motion, contending:

> [T]he Forest Service's attempt to characterize an *ad hoc* appeals process as a prerequisite for seeking judicial review . . . fails as a matter of law because the agency failed to follow rulemaking procedures when adopting the process. Thus, the [administrative] appeal process cannot provide the basis for depriving [Plaintiff] of the opportunity to seek judicial review.

(Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") 2:9-14, ECF No. 39.)

## I. INFORMATION CONSIDERED IN DECIDING THE DISMISSAL MOTION

The Forest Service cites in its dismissal motion its November 15, 2012 Decision Memo, in which it decided to implement the Project ("Decision Memo"). (See Defs.' Mem. P.&A. in Supp. Mot. to Dismiss ("Mot.") 2:13-28, 5:9-11, ECF No. 38-1.)

> In ruling on a [Rule] 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and materials properly subject to judicial notice. However, . . . a court may [also] consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.

Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam). In addition, "a district court may take judicial notice of [a] of public record." U.S. v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (internal citations omitted). Such matters "may be consider[ed]

2

without converting a Rule 12 motion into one for summary judgment." Id.

The SAC expressly references the Forest Service's Decision Memo, and "[its] authenticity . . . is not in dispute. Therefore, [the Decision Memo may be] properly considered [in deciding] the 12(b)(6) motion[]." Swartz, 476 F.3d at 763.

Plaintiff requests that judicial notice be taken of the Forest Service's March 29, 2012 Guidance Letter ("Guidance Letter"). (Pl.'s Req. Judicial Notice ¶¶ 7, 10, ECF No. 40, Ex. 7, 40-7.) Plaintiff argues the Guidance Letter does not indicate that administrative remedies have to be exhausted "as a prerequisite for seeking judicial review of Forest Service decisions to invoke categorical exclusions." (Opp'n 14:2-3.) "Judicial notice is appropriate for records and reports of administrative bodies." United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). Therefore, Plaintiff's request is granted. Plaintiff also requests judicial notice be taken of other documents but has not shown that decision is required on those documents.

## II.  BACKGROUND

The following allegations in Plaintiff's SAC and information in the Decision Memo and Guidance Letter concern the motion.

"Beginning in January 2011, the Forest Service listed the [Project] on its website." (SAC ¶ 27.) "[O]n July 15, 2011, the Forest Service circulated a scoping letter and [P]roject area map describing the [P]roject as a fuel reduction treatment on up to 100 acres to include cutting and burning trees and brush."

1  (Id.) The "scoping letter and [P]roject area map were mailed to
2  14 agencies, individuals and organizations [that same day and
3  sought] public comment[]." (Decision Memo 7.)  "In addition, a
4  news release about the project was posted on the [Lake Tahoe
5  Basin Management Unit ("LTBMU") of the Forest Service's] website
6  and was sent out to local media on July 15, 2011." (Id.)

7           "On November 15, 2012, the Forest Service issued the
8  [D]ecision [M]emo . . . indicat[ing] its determination to
9  implement the [Project]." (SAC ¶ 29.) The Decision Memo
10 "concluded that the [P]roject is categorically excluded from the
11 need to prepare an [Environmental Assessment ("EA") or
12 [Environmental Impact Statement ("EIS") under NEPA]." (Id.)
13 Actions that have been categorically excluded are defined as an
14 "'action[] which do[es] not individually or cumulatively have a
15 significant effect on the human environment,' and 'for which,
16 therefore, neither an [EA] nor an [EIS] is required." Alcoa, Inc.
17 v. Bonneville Power Admin., 698 F.3d 774, 795 (9th Cir. 2012)
18 (citations omitted). The Decision Memo described the
19 administrative remedies for challenging the Project, stating:
20 "[o]nly those who provided comments during [the] comment period
21 are eligible to appeal the decision[,]" and any "[a]ppeals,
22 including attachments, must be filed within 45 days from the
23 publication date of th[e] notice in the Tahoe Daily Tribune, the
24 newspaper of record." (Decision Memo 9-10.)

25           Plaintiff alleges in his SAC that the Forest Service
26 violated the NEPA by (1) failing to comply with scoping
27 requirements; (2) failing to comply with requirements for
28 invoking a categorical exclusion; (3) failing to re-visit its

4

decision to invoke a categorical exclusion for the Project after it was made aware of new information concerning the Sierra Nevada yellow legged frog ("SNYLF"); and (4) failing to re-visit its decision to invoke a categorical exclusion for the Project after the Project was implemented contrary to the description in the Forest Service's Decision Memo. (SAC ¶¶ 64-96.)

### III. DISCUSSION

**A. Whether the Forest Service has Shown that Plaintiff was Required Under 7 U.S.C. § 6912(e) to Exhaust the Project's Available Administrative Remedies.**

The Forest Service contends that Plaintiff's claims should be dismissed with prejudice, arguing:

> [Plaintiff] waived any legal challenge [to the Project] by failing to [timely] comment [within the comment period].
>
> . . . .
>
> [Further,] all of Plaintiff's claims are barred because he failed to exhaust administrative remedies as required by statute. In adopting 7 U.S.C. § 6912(e), . . . Congress has made it especially clear that no person may sue the Forest Service unless he first exhausts the appeal process: "Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction . . . ." 7 U.S.C. § 6912(e). . . .
>
> . . . .
>
> Regulations governing Forest Service programs in 2012 and 2013 provided the "administrative exhaustion appeal procedures" contemplated by 7 U.S.C. § 6912(e). *See* 36 C.F.R. Part 215, *Notice, Comment, and Appeal Procedures for National Forest System Projects and Activities*. . . . And, as explained in the Decision Memo and the

5

        newspaper publication announcing it, the procedures set forth in 36 C.F.R. § 215 applied to this proceeding. It is thus clear that there were "administrative appeal procedures" available for the decision challenged here. Because Plaintiff failed to exhaust the available administrative remedies, his claims are barred by 7 U.S.C. § 6912(e), and must be dismissed with prejudice.

(Mot. 1:19-20, 3:22-5:13 (citations omitted).)

Plaintiff counters, *inter alia*,

> Although the Forest Service claims that the regulations previously codified at 36 C.F.R. Part 215 provided the administrative exhaustion appeal procedures applicable to the Project, in truth, those regulations never included procedures for commenting on or appealing a decision by the Forest Service to invoke a categorical exclusion. Indeed, the regulations explicitly excepted categorical exclusion decisions from the comment and appeals process. 36 C.F.R. §§ 215.4(a), 215.12(f). . . .
>
> In addition, to the extent the regulations included procedures for commenting and pursuing an appeal, they only included procedures for doing so where an environmental assessment or environmental impact statement was prepared. . . . Therefore, [the Forest Service's] claim that "the procedures set forth in 36 C.F.R. § 215 applied to this proceeding" cannot be squared with the regulations.
>
> The regulations were enjoined, in part, in March 2012 [in Sequoia Forestkeeper v. Tidwell, 847 F. Supp. 2d 1244, 1246 (E.D. Cal. 2012)], which held that the Forest Service could not exclude categorical exclusions from notice, comment, and appeal procedures. Whereas the Court enjoined 36 C.F.R. §§ 215.4(a) and 215.12(f), it did not affirmatively establish notice, comment, and appeal procedures for categorical exclusions analogous to those set out in Part 215 for environmental assessments and environmental impact statements. Nor did the Court authorize the Forest Service to adopt mandatory appeal procedures without complying with the requisite notice and comment

6

        procedures mandated by the Administrative Procedure Act [("APA")].

(Opp'n 12:19-24-13:23 (citations omitted).)

<u>Sequoia Forestkeeper</u> enjoined the Forest Service from implementing 36 C.F.R. §§ 215.4(a) and 215.12(f), the regulations that exempted from the notice, comment, and appeal process projects categorically excluded from preparing an EA or EIS. In response to this injunction, the Forest Service issued the Guidance Letter, in which it states: "effective March 19, 2012, all units shall refrain from applying the[ enjoined] exemptions," and "the Forest Service will offer notice, comment and administrative appeal opportunities for categorically excluded decisions <u>as provided for in the District Court's [injunction issued in Sequoia Forestkeeper]</u>." (Guidance Letter 1) (emphasis in original). Plaintiff argues:

> [T]he contents of the [Guidance Letter] were not subject to the [APA's] rulemaking requirements. 5 U.S.C. § 553 (requiring, among other things, publication in the Federal Register of the rule as adopted). The [APA] "was adopted to provide, inter alia, that administrative policies affecting individual rights and obligations be promulgated pursuant to certain stated procedures so as to avoid the inherently arbitrary nature of unpublished ad hoc determinations." *Morton v. Ruiz*, 415 U.S. 199, 232 (1974). To the extent the Forest Service argues that the ad hoc determination of the Chief set out in internal agency guidance is binding on an entire class of people, including [Plaintiff], it is contrary to the [APA] and longstanding precedent.

(Opp'n 14:8-18 (citation omitted).)

The Forest Service replies, "[c]ontrary to Plaintiff's claim, the administrative appeal procedures in place at the time

7

of the decision challenged here allowed for and required an appeal of the decision that the [P]roject was categorically excluded from an environmental impact statement." (Defs.' Reply ("Reply") 5:2-4, ECF No. 41.) The Forest Service argues:

> The availability of an administrative appeal was made plain in the [Decision Memo], in the legal notice published in the newspaper, and in a memorandum announcing that all categorical exclusion decisions would be subject to the appeal process. Plaintiff seeks to avoid this conclusion by focusing only on the regulations themselves, which did not originally provide for appeal of categorical exclusion decisions. But § 6912(e) is not so limited. It requires exhaustion of "all administrative appeal procedures." . . . Because Plaintiff failed to exhaust "all administrative appeal procedures," 7 U.S.C. § 6912(e), he may not maintain this suit.

(Id. at 5:4-19.)

7 U.S.C. § 6912(e) prescribes, in pertinent part: "Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures **established by the Secretary or required by law** before the person may bring an action in a court of competent jurisdiction . . . ." (emphasis added). The Forest Service has not shown that the administrative remedies it asserts Plaintiff failed to exhaust were "administrative appeal procedures established by the Secretary or required by law." 7 U.S.C. § 6912(e). Therefore, this portion of the Forest Service's motion is denied.

**B. Whether the Forest Service has Shown that Plaintiff's Claim Alleging the Project Cannot Proceed Without Further Environmental Analysis Should be Dismissed.**

The Forest Service seeks dismissal of Plaintiff's

8

claim, in which he alleges the Forest Service violated the NEPA by failing to re-visit its decision to invoke the categorical exclusion for the Project after it learned new information concerning the SNYLF. The Forest Service argues, notwithstanding decision on its administrative exhaustion argument, this claim should be dismissed since "further environmental [analysis] is only required if there are significant environmental impacts not previously evaluated or considered[,]" and possible impacts to the [SNYLF] were already considered and found to be non-existent or insignificant as part of the original decision." (Reply 8:4-5, 9:1-2 (internal quotation marks and citations omitted).)

Plaintiff contends "[the Forest Service] improperly demand[s] that the Court dismiss [this claim] on the basis of a series of factual arguments that are not ripe for resolution at the pleading stage." (Pl.'s Supp. Br. 4:12-13, ECF No. 45.)

The Forest Service's dismissal argument is based upon evidence that has not been shown appropriate to consider when deciding a 12(b)(6) dismissal motion. See Swartz, 476 F.3d at 763 (stating "[i]n ruling on a [Rule] 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and materials properly subject to judicial notice."). Therefore, this portion of the motion is denied.

**C. Whether the Forest Service has Shown that Plaintiff's Claim Challenging Project Implementation Should be Dismissed.**

The Forest Service seeks dismissal of Plaintiff's claim, in which he alleges the Forest Service violated the NEPA by implementing the Project in a manner contrary to its

description in the Decision Memo. The Forest Service argues, "[e]ven if the [Project's] exhaustion requirements c[an] be avoided[,]":

> [T]he [P]roject['s] implementation . . . is not even subject to challenge under the Administrative Procedure Act ("APA"). The APA only permits challenges to "agency action." . . . Because the placement of a particular slash pile or the cutting of a particular tree is not "agency action" within the meaning of the APA, [Plaintiff's fourth claim should be dismissed].

(Reply 7:9-14, 7:25-26) (citations omitted).) Plaintiff contends: "Courts have consistently held that federal agencies have a continuing duty to undertake environmental review so long as major [f]ederal action remains to occur and new information indicates that such action may significantly affect the quality of the human environment." (Pl.'s Supp. Br. 2:18-22.)

The Forest Service has not shown that this claim should be dismissed. Therefore, this portion of the motion is denied.

For the stated reasons, the Forest Service's dismissal motion is denied.

Dated: March 30, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

10