...

NOSSAMAN LLP
PAUL S. WEILAND (CA 237058)
pweiland@nossaman.com
BENJAMIN Z. RUBIN (CA 249630)
brubin@nossaman.com
ASHLEY J. REMILLARD (CA 252374)
aremillard@nossaman.com
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612-0177
Telephone:  (949) 833-7800
Facsimile:   (949) 833-7878

Attorneys for Plaintiff Dennis D. Murphy

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS D. MURPHY, PH.D.<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED STATES FOREST SERVICE; THOMAS TIDWELL, in his official capacity as Chief of THE UNITED STATES FOREST SERVICE; NANCY J. GIBSON, in her official capacity as Forester of THE UNITED STATES FOREST SERVICE,<br><br>          Defendants. | Case No:  2:13-cv-02315-TLN-AC<br><br>**STIPULATION AND ORDER RE DISMISSAL**<br><br>Date Action Filed: Nov. 16, 2013 |

Plaintiff filed a complaint on November 6, 2013, which was subsequently amended on two occasions and presently alleges Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., during the planning and implementation of the Upper Echo Lake Hazardous Fuels Reduction Project.  The parties having met and conferred hereby agree as follows:

1) Defendants will not take any further action to fund, authorize, or carry out the Upper Echo Lake Hazardous Fuels Reduction Project, which was previously approved on November 15, 2012, and withdrawn on July 20, 2015.

2) Although Defendants have no present plan or intention to burn the downed wood, slash, and vegetation previously cut and piled by the agency as part of Phase I of the Upper Echo Lake Hazardous Fuels Reduction Project, Defendants retain, at their discretion and consistent with all applicable legal requirements (including, where applicable, NEPA and the ESA), the ability to take appropriate steps to remediate such materials.  In the event that the Forest Service proposes to burn any vegetation previously cut and piled by the agency as part of Phase I of the Upper Echo Lake Hazardous Fuels Reduction Project before October 1, 2021, the agency will provide written notice to Plaintiff through counsel of such proposal and include in a map identifying with sufficient specificity the locations of each of the piles it intends to or may burn as part of such remediation, and an explanation of the reasons for its proposed action.  The written notice will be provided at least 60 days in advance of any action.

3) Defendants agree to pay, and Plaintiff agrees to accept, $150,000 in full and complete satisfaction of any and all claims pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.* and/or any other statute, for all attorney fees and costs incurred by Plaintiff in the above captioned lawsuit.  Defendants' payment will be made by electronic funds transfer to the appropriate trust account for Nossaman LLP.  Within ten (10) days of entry of this Stipulation, Plaintiff will provide Defendants with the following information necessary for Defendants to process the payment by electronic funds transfer:  the payee's name, the payee's address, the payee's bank account number, the account type, the name of the payee's bank, the bank routing transit number, and the payee's tax identification number.  Defendants agree to

1  submit all necessary paperwork to the appropriate office within thirty (30) days of receipt of the
2  signed Court order approving this Stipulation, or within thirty (30) days of receiving Plaintiff's
3  account information and other information needed to facilitate the payment, whichever is later.
4      4)    Plaintiff's attorneys are receiving funds in trust for Plaintiff, and Plaintiff agrees
5  to this procedure.  Plaintiff and its attorneys agree to hold harmless Defendants in any litigation,
6  further suit, or claim arising from the payment of the agreed upon $150,000.00 settlement
7  amount pursuant to Paragraph 3, other than for an allegation of Defendants' breach of this
8  Stipulation.
9      5)    Defendants will not take any retaliatory action against Plaintiff due to Plaintiff's
10  pursuit of this action and any other activities with respect to the Upper Echo Lake Hazardous
11  Fuels Reduction Project.
12      6)    Plaintiff and Defendants stipulate to dismissal of this Action with prejudice
13  pursuant to Fed. R. Civ. P. 41(a)(2).  This agreement constitutes the full and complete
14  satisfaction of any and all claims arising from (a) the NEPA and ESA causes of action set forth
15  in the complaint filed in this lawsuit; (b) any and all claims for attorneys' fees and costs that
16  Plaintiff may seek to pursue in this matter relating to the litigation or settlement; and (c) any
17  litigation or administrative proceeding that Plaintiff has brought, could bring, or could have
18  brought regarding the Upper Echo Lake Hazardous Fuels Reduction Project, including, but not
19  limited to, any litigation or administrative proceeding under the Information Quality Act,
20  Section 515 of Public Law 106-554.
21      7)    By entering into this agreement, Plaintiff does not waive any right to challenge
22  future actions by the Forest Service.  Nothing in this agreement is intended to provide Plaintiff
23  with any cause of action that would not otherwise exist, or excuse Plaintiff from any applicable
24  procedural requirements for such a challenge to a future action, including but not limited to
25  exhaustion of administrative remedies.
26      8)    No representations have been made or intended as to the federal or state tax
27  consequences of the payment under this agreement.
28

9)       This instrument does not constitute an admission of liability or fault on the part of the Defendants, or any federal agencies, agents, servants or employees, in reference to the events alleged in the Complaint or otherwise.  It is entered into for the purpose of compromising disputed claims and avoiding the expenses, distractions and uncertainties of litigation.

10)      The Plaintiff acknowledges that it releases and forever waives any right to appeal or election to appeal of any order, decision, judgment, or entry of judgment arising from the Complaint. Defendants acknowledge that they release and forever waive any right to appeal or election to appeal of any order, decision, judgment, or entry of judgment arising from the Complaint.

11)      The Parties agree that the Court may retain jurisdiction over this matter solely to enforce the terms of this Settlement Agreement.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  Any dispute over compliance with any provision of this Settlement Agreement shall proceed as set forth in Paragraph 12.

12)      In the event that any party believes another party to be in breach of this agreement, such party must give notice to the other party at the earliest possible date.  The other party shall have 21 days to respond to the claim of breach.  If such a response is provided, the parties shall have 60 days to meet and confer regarding the alleged breach, and any potential remedy.  Notice from Plaintiff should be provided to the Forest Supervisor and to undersigned counsel for Defendants.  The Parties agree that neither will seek contempt of court as a remedy for any violation of this Settlement Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.  No party shall seek action by this or any other court regarding the alleged breach until either (a) the expiration of the meet and confer period, or (b) both parties agree, in writing, that they have reached an impasse.  Nothing in this section is intended to create a cause of action that would not otherwise exist, or to invest this Court with authority that it would not otherwise have.

13)      No provision of this Agreement shall be interpreted as, or constitutes, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

14) The Agreement contains all of the agreement between Plaintiff and Defendants, and is intended to be the final and sole agreement between them. Plaintiff and Defendants agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

15) The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of the Agreement and do hereby agree to the terms herein.

Dated:  October 10, 2016     NOSSAMAN LLP
                             PAUL S. WEILAND
                             BENJAMIN Z. RUBIN
                             ASHLEY J. REMILLARD

                             By:  */s/ Paul S. Weiland*
                             Attorneys for Plaintiff Dennis D. Murphy

Dated:  October 10, 2016     PHILIP A. TALBERT
                             Acting United States Attorney

                             By:  */s/ Gregory T. Broderick (authorized 10/6/2016)*
                             Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: October 10, 2016

_____
Troy L. Nunley
United States District Judge